UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

ADVANCED VIDEO TECHNOLOGIES LLC.,

        Plaintiff,

   -against-                                 12 Civ. 918 (CM)(HBP)

MOTOROLA MOBILITY LLC

        Defendant.

------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/22/15

## ORDER GRANTING IN PART AND DENYING IN PART THE MOTION TO STRIKE PORTIONS OF THE INFRINGEMENT REPORT OF DR. PAUL FRANZON

McMahon, J.:

      In this long-running patent infringement action, Defendant Motorola Mobility (MM) has moved to strike portions of the expert report of Dr. Paul Franzon, ("Infringement Report," Excerpts in Ex. 1), which was recently submitted by plaintiff Advanced Video Technologies (AVT). Motorola seeks to strike Dr. Franzon's opinion about the infringement of Claims 13 and 22 of the patent-in-suit (the '788 patent) by products that employ something called the OMPA 4430xx chipset. MM argues that these opinions (1) relate to claims that were previously abandoned by AVT in its supplemental and final infringement allegations, filed on November 17, 2014, and (2) present for the first time new theories of infringement that were not disclosed in AVT's infringement allegations or contention interrogatories.

      Insofar as is relevant to this motion, Dr. Franzon opines that MM products employing the Texas Instrument (TI) OMPA 4430 chipset infringe Claims 13 and 22 of the '788 patent. He also identifies a particular component of that chipset –the IVA-HD component – as being the "video compressor-decompressor" claimed in the patent.

      MM presents the court with the following timeline of pertinent facts (all references are to exhibits to MM's moving papers):

      A.     February 6, 2012: AVT filed a complaint alleging infringement of the patent in suit by Motorola Mobility.

B. March 24, 2014: AVT served initial infringement contentions as per Local Patent Rule 6 and the Court's scheduling order. These infringement contentions listed the allegedly infringing MM devices and the claims allegedly infringed. There was no mention of chips. The March infringement contentions asserted infringement of claims 5, 13, 14, 15, 22, 23 and 26. No Infringement Charts disclosing AVT's infringement theory were served.

C. March 28, 2014: Motorola Mobility propounded an interrogatory to ascertain AVT's infringement theory ("Contention Interrogatory", Ex. 4 see Interrogatory #2).

D. April 28, 2014: AVT objected to the Contention Interrogatory as premature under Local Rule 33.3(a). Infringement charts disclosing AVT's infringement theory were not served on Motorola Mobility.

E. June 13, 2014: AVT served supplemental infringement contentions as per the Court's scheduling order. The June infringement contentions did not change the list of asserted claims (which means that Claims 13 and 22 were disclosed as being asserted) and reduced the number of accused Motorola Mobility devices (again without any mention of chips). Once again, however, infringement charts disclosing AVT's infringement theory were not served on Motorola Mobility.

F. August 5 2014: AVT propounded an interrogatory on Motorola Mobility seeking Motorola Mobility's non-infringement positions.

G. August 15, 2014: Following a hearing before Magistrate Judge Pitman, counsel for AVT indicated that plaintiff would provide infringement charts outlining its infringement theory, "before the end of the weekend" i.e. August 17, 2014. (Ex. 3, pg. 4).

H. August 17, 2014: AVT served responses to the Contention Interrogatory that included claim charts outlining its infringement theory (including claims 13 and 22 for the OMAP4430 phones). With regard to its infringement theory for claims 13 and 22 in the OMAP4430 phones, AVT cited a digital signal processor of the OMAP4430 as being the claimed "video compressor/decompressor." (Initial Infringement Chart, Ex. 5).

I. September 12, 2014: Motorola Mobility served a response to AVT's Interrogatory related to non-infringement arguments. Relying on AVT's position that the digital signal processor of the OMAP4430 was the claimed "video compressor/decompressor," Motorola Mobility indicated that the accused devices could not possibly satisfy the claim limitation that, "wherein the video compressor/decompressor includes dedicated hardware logic…" as the claim was construed in the Court's *Markman* decision.

J. October 31, 2014: Fact Discovery closed. Motorola Mobility allowed AVT until November 15, 2014 to supplement its responses to the Contention Interrogatory. (Ex. 3, pg. 3).

K.     November 12, 2014: Motorola Mobility gave AVT a further extension to supplement its responses to the Contention Interrogatory, to November 17, 2014. (Ex. 3, pg. 3).

L.     November 17, 2014: AVT served supplemental responses to the Contention Interrogatory with supplemental claim charts. At this point there was less than one month remaining for opening expert reports. AVT continued to assert claims 5, 13, 14, 15, 22, 23 and 26 for Motorola Mobility phones using Qualcomm's MSM6XXX series chips. For all other Motorola Mobility phones that used TI's OMAP4430 chipset), AVT only asserted claim 26. Specifically, in its sworn response, AVT stated "...each Accused Product that includes a Qualcomm, Inc. MSM6xxx chipset infringes claims 5, 13, 22, 23 and 26 of the '788 Patent. Each of the Accused Products that includes a Qualcomm, Inc. MSM8xxx, Nvidia, Freescale or Texas Instruments chipset infringes at least claim 26 of the '788 Patent." (Ex. 6, pg. 7). AVT continued to contend that the digital signal processor of the OMAP4430 is the claimed "video compressor/decompressor." (Ex. 2, pg. 5). Notably, the limitation that, "wherein the video compressor/decompressor includes dedicated hardware logic..." does not apply to Claim 26, although (as noted above) it applies to Claims 13 and 22.

M.     December 12, 2014: AVT served its Infringement Expert Report, which included Dr. Franzon's opinion as set forth above. Not only did Dr. Franzon opine that claims 13 and 22 were infringed by the Motorola Mobility phones with the OMAP44xx chips, he he pointed to an IVA-HD component of the OMAP4430 – not the digital signal processor -- as being the claimed "video compressor/decompressor." (Ex. 1, pgs. 75-76 numbered in exhibit).

This motion to strike portions of Dr. Franzon's report followed. It was originally addressed to Magistrate Judge Pitman, but after consultation he and I concluded that the motion was more appropriately addressed to this court.

## Discussion

MM first argues that Dr. Franzon's report should be stricken insofar as it asserts that Claims 13 and 22 of the '788 patent are infringed, without regard to what is claimed as the video compressor/decompressor. I decline to grant this aspect of the motion to strike.

It is beyond cavil that AVT's Final Response to MM's Contention Interrogatory eliminated the previously asserted claim that MM devices using the 4430 chipset infringed either Claim 13 or Claim 22. The contention, long asserted, is not there; it has disappeared. AVT does not suggest otherwise.

AVT insists that the contention disappeared as result of an "oversight" (otherwise unexplained) and says that the oversight "should have been apparent." I agree with MM that AVT could not possibly have eliminated allegations that Claims 13 and 22 were infringed by the 4430 chipset devices by "oversight," and that the only thing that is "apparent" is that the omission of this previously-asserted theory was deliberate. Here is why:

AVT served its initial response to MM's contention interrogatory on August 16 (Item H) – only two months prior to the conclusion of fact discovery. In that response, and consistent with the Infringement Contentions it had first served in March 2014 (Item B,) and then amended in June 2014 (Item E), AVT asserted that Claims 13 and 22 were infringed by devices incorporating the 4430 chipset, and further specified that the digital signal processor was the claimed "video compressor/decompressor."

That disclosure of AVT's theory of infringement met with a swift response from MM to the effect that the digital signal processor could not meet this court's *Markman* definition of the "video compressor/decompressor," because it did not have dedicated hardware logic. (Item I)

AVT, after obtaining several consensual extensions of the court's deadline for serving Final Infringement Contentions, eliminated all references to Claims 13 and 22 with respect to devices containing the 4430 chipset, and instead asserted that those devices infringed only Claim 26. That this change was a response to MM's filing of Item I on September 12, 2013, cannot be doubted. As noted above, Claim 26 does not include the requirement that the video compressor/decompressor include "dedicated hardware logic," while Claims 13 and 22 do. There was and could have been nothing inadvertent about the exclusion.

AVT used the weasel words "at least" in its November 17 Final Response to the Contention Interrogatory ("Each of the Accused Products that includes a Qualcomm, Inc. MSM8xxx, Nvidia, Freescale or Texas Instruments chipset infringes *at least* claim 26 of the '788 Patent."). By using this language, AVT undoubtedly hoped that it was reserving the right to resurrect a claim it had declined to assert explicitly.

I have little doubt that, as time ran out for filing final Contention Interrogatory answers, AVT's expert was still casting around for some alternative theory of infringement. However, November 17 was the drop dead date – the last and final date – for AVT to respond to the Contention Interrogatory, and to assert the theories of infringement on which it intended to take the case to trial. In other word, time was up in this overly old case for AVT to figure out and identify to its opponent exactly what was infringing about which MM devices. This court believes that 32 months is quite sufficient to come up with final and binding theories; as far as I am concerned, November 17, 2014 – a date selected by the parties themselves, and far later than this court would have chosen – was the date by which the plaintiff's infringement theories should have been fixed in concrete.

Nonetheless, I cannot conclude that MM suffered prejudice as a result of AVT's last minute switch. Indeed, until November 17 – two weeks before AVT's expert infringement report was due – MM was under the impression that Claims 13 and 22 were in the case against products containing the OMAP 4430 chipset. That being so, MM had ample opportunity to take discovery on this issue during the period when fact discovery was open (through October 31, 2014). The fact that the contention was not abandoned until after the close of fact discovery – and well before MM's own expert had to provide his report to AVT – obviates any possible claim of prejudice.

To the extent that Dr. Jayant, Motorola's invalidity expert, relied on the withdrawal of Claims 13 and 22 in that context in his report (I do not know precisely when that report was served), I can remedy the problem by granting him leave to amend his report to include what he quite understandably omitted – and by imposing a financial sanction on AVT for the additional work that he will have to perform to amend his report. Since Dr. Jayant had to address Claims 13 and 22 in connection with other (i.e., non-TI 4430) accused products, I am sure it will not be too time consuming for him to prepare an appropriate amendment. Along with the amendment he can submit his time records to me, and I will consider how much of a financial sanction to impose on AVT.

I will not, however, allow AVT to proceed on a theory that was never disclosed at all prior to the service of Dr. Franzon's expert report – namely, that the IVA-HD component was the "video compressor/decompressor." To that extent the motion to strike is granted.

On August 17, 2014, AVT served a response to the Contention Interrogatory that specifically identified one and only one device – the digital signal processor of the OMAP 4430 – as being the "video compressor/decompressor" referred to in the patent-in-suit. At no time before or after that date, in response to discovery requests or otherwise, did AVT identify any other device as being the "video compressor/decompressor" claimed in the '788 patent. In the November 17 supplement to the Contention Interrogatory response, AVT adhered to that position, even as it appeared to abandon the claimed infringement of Claims 13 and 22 by products using this chipset.

Yet when he served his expert report, Dr. Franzon opined that an IVA-HD component of the OMAP4430 was the claimed "video compressor/decompressor." The contention that the digital signal processor is the "video compressor/decompressor" has apparently been abandoned by plaintiff and its expert.

The issue of prejudice with respect to this change differs significantly from the issue of whether Claims 13 and 22 can still be asserted in connection with the OMAP 4430 chipset in view of their apparent abandonment in the November 17 filing. AVT originally contended that these claims were infringed by the OMAP 4430 chips; it stuck to that position through the conclusion of fact discovery. Therefore, MM knew, until after the close of fact discovery, that those issues were in the case. It was able to complete discovery on the understanding that AVT was asserting those two claims; the post-discovery abandonment of these Claims in this limited context did not impact MM's trial preparation, or did so only in an inconsequential and easily remediable way.

However, at no time prior to the service of its infringement expert report did AVT contend that any device other than the digital signal processor was the "video compressor/decompressor" claimed in the patent. I do not intend to reopen fact discovery in order to accommodate this belatedly-espoused theory.

There is absolutely NO justification for this last-minute, post-discovery change in the theory of the case. Certainly, any suggestion that AVT did not know, when it filed its Contention Interrogatory response, exactly what components of MM's products infringed the

'788 patent is simply unacceptable. Patent suits are not fishing expeditions to be brought against competitors in the hope that discovery will turn up something in a competing product that infringes; they are supposed to be grounded in evidence of infringement known to the plaintiff and its lawyer prior to the filing of a lawsuit. A part is not entitled to discovery in order to determine whether it has a claim. *See generally, Paddington Partners v. Bouchard,* 34 F. 3d 1132, 1138 (2d Cir. 1994); *Matos v. Hove,* 940 F. Supp. 67, 72 (S.D.N.Y. 1996); *Avnet Inc. v. American Motorists Ins. Co.,* 115 F.R.D. 588, 592 (S.D.N.Y. 1987). This principle applies equally to patent cases – at least, in this court; no case is permitted to be a case in search of a theory.

The fact that MM's infringement expert has not yet filed his report does not render harmless AVT's switch from the digital signal processor to the IVA-HD compressor, because fact discovery is over. AVT can say whatever it wants about the discovery that has already been taken from TI, but the fact remains that defendant might well have pursued different discovery, or sought additional discovery from TI, if it had been advised that AVT was going to designate the IVA-HD compressor, rather than the digital signal processor, as being the video compressor-decompressor. Indeed, it is perfectly obvious that MM thought the game was over once AVT responded to the Contention Interrogatory, since MM believes that the digital signal processor lacks one key element of the claimed video compressor-decompressor (dedicated hardware logic).

MM was sandbagged by Dr. Franzon's post-discovery and post-Final Contention Interrogatory response switch to a totally new theory of infringement. This is precisely the sort of litigation behavior that Rule 37 was designed to prevent. Dr. Franzon's report is therefore stricken insofar as it asserts that the video compressor-decompressor that infringes Claims 13 and 22 is the IVA-HD component – or any component other than the "digital signal processor," the only component identified as being the video compressor-decompressor prior to the conclusion of fact discovery.

This constitutes the decision and order of the court. The Clerk is directed to strike the motion at Document 103 from the court's list of open motions.

Dated: January 22, 2015

United States District Judge

BY ECF TO ALL COUNSEL